IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JERRY LESTER JACKSON, #224506 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv370 |
| RICHARD MARTINEZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerry Lester Jackson, an inmate confined in the Bowie County Correctional Facility, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this lawsuit against Special Agent Richard Martinez of the Drug Enforcement Agency; Earnest Gonzalez, an Assistant United States Attorney; and an individual identified only as "Faye," whose last name is unknown. Notably, the complaint includes only allegations against the first two but not against any individual named "Faye." Plaintiff purportedly brought his lawsuit pursuant to 28 U.S.C. § 1331, which governs federal question jurisdiction. *See* Complaint at caption. However, he terms his lawsuit a "civil right complaint," *id*., which generally places such a lawsuit under the ambit of 42 U.S.C. § 1983.

I.  **BACKGROUND**

In his complaint, Plaintiff contends that he was arrested on August 25, 2009, on a one-count indictment dated August 13, 2009. *See* Complaint at PageID #4. He contends he was charged with conspiring with other individuals "known and unknown to the grand jury." *Id*. In relation to this indictment and arrest, Plaintiff further alleges that Defendants Martinez and Gonzalez were

1

> in an ongoing scheme of conspiracy to prosecute maliciously and to conceal exculpatory and favorable evidence which in turn lead [*sic*] to me being illegally convicted, thus without such conduct there would have been no indictment - therefore no case to place before a jury - had not the U.S. Govern[n]ment engaged in such constitutional repugnant strategies.

*Id*. As noted above, Plaintiff does not address any allegations toward "Faye." He seeks the following relief:

> I am seeking monetary damages pursuant my Eight Amendment Right against cruel and unusual punishment being violated, resulting in my being illegally arrested and convicted. If same time of settlement cannot be reached I will be seeking a jury trial.

*Id*. at PageID #5. In other words, Plaintiff is suing federal authorities for an alleged conspiracy that resulted in him being indicted and "illegally convicted."

## II. DISCUSSION AND ANALYSIS

Although a civil rights lawsuit asserting claims of constitutional violations against government officials is normally brought pursuant to 42 U.S.C. § 1983, in this case Plaintiff's claims are actually brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), because Plaintiff is suing federal actors. However, a *Bivens* action and a § 1983 lawsuit represent coextensive proceedings; the "only difference" being that the former involves an action against federal actors and the latter against state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir.) (per curiam), *reh'g and reh'g en banc denied*, 130 Fed. Appx. 705 (5th Cir. 2005) *and cert. denied*, 547 U.S. 1111, 126 S. Ct. 1908, 164 L. Ed. 2d 663 (2006). Analytically, there is no substantive difference between the two for the purposes of this lawsuit. *Grebe v. Quintana*, 2011 WL 665744, at *2 (E.D. Tex. Feb. 14, 2011) ("the analysis of plaintiff's claims is the same regardless of whether they arise under Section 1983 or *Bivens*") (citing *Evans v. Ball*, 168 F.3d 856, 862-63 (5th Cir. 1999), *abrogated on other grounds*,

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003)).

Here, Plaintiff is using his civil rights lawsuit to attack the Defendants for having "conspired" to obtain an "illegal conviction." *See* Complaint at PageID #4-5.  In other words, his claims attack the fact and legality of Plaintiff's incarceration.

"When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983." *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Barze v. Bennett*, 2009 WL 1649479, at *1 (E.D. La. June 8, 2009).  The Supreme Court has also held that a civil rights plaintiff challenging the legality or length of his incarceration does not have a cause of action unless and until he is successful in challenging the fact or length of his incarceration, such as in habeas corpus proceedings.  *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  "'[W]here the basis of the claim goes to the constitutionality of the state court conviction', habeas corpus is the exclusive cause of action . . . ." *Caldwell*, 679 F.2d at 496 (quoting *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam)).

Since the Plaintiff is attacking both the fact and the legality of his incarceration, he should seek relief via a petition for a writ of habeas corpus, as opposed to a civil rights complaint.  The instant lawsuit should therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III.  RECOMMENDATION

It is therefore recommended that the Plaintiff's claims be dismissed with prejudice pursuant

to 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 3rd day of July, 2012.**

                                                                         _____
                                                                         DON D. BUSH
                                                                         UNITED STATES MAGISTRATE JUDGE