IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JERRY LESTER JACKSON, #224506 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv370 |
| RICHARD MARTINEZ, ET AL. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerry Lester Jackson, an inmate confined in the Bowie County Correctional Facility, proceeding *pro se* and seeking to proceed *in forma pauperis*, originally filed this lawsuit against Special Agent Richard Martinez of the Drug Enforcement Agency; Earnest Gonzalez, an Assistant United States Attorney; and an individual identified only as "Faye." The original complaint included only allegations against the first two but not against any individual named "Faye." Plaintiff purportedly brought his lawsuit pursuant to 28 U.S.C. § 1331, which governs federal question jurisdiction. *See* Complaint at caption. However, he termed his lawsuit a "civil right complaint," *id.*, which generally places such a lawsuit under the ambit of 42 U.S.C. § 1983, or, in this case, a *Bivens*[1] action.

On July 3, 2012, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

1

failure to state a claim upon which relief may be granted. On July 11, 2012, Plaintiff filed objections (docket entry #8) to the original R&R. He did not address the findings and recommendations of the R&R except to suggest that alternatives such as "abstention" and allowing him to amend his complaint could be pursued. In addition, he "respectfully direct[ed] the Court's attention to Plaintiff's motion to amend complaint pursuant to Fed. R. Civ. P. 15." *See* Objections at 2. Plaintiff did not file such a motion, but did file an actual amended complaint (docket entry #9).[2] In it, Plaintiff repeats the same, flawed claims against Special Agent Martinez and AUSA Gonzalez. However, he also adds actual allegations against Faye Thompson, missing from the original complaint entirely, and adds Ms. Thompson's supervisor, Patricia Jones, as an additional Defendant. Ms. Jones and Ms. Thompson are deputy court clerks in the Sherman Division of this Court. Plaintiff alleges that they violated his constitutional rights to equal protection and due process by not giving him certain undescribed documents he demanded. Whether that allegedly occurred in the instant civil action or in Plaintiff's associated criminal case to which he refers, *United States v. Figueroa*, 4:09cr136, is unclear.

The undersigned now issues this Supplemental R&R to restate the findings and recommendations in the original R&R and to address the claims against Defendants Thompson and Jones.

## I. BACKGROUND

In his amended complaint, Plaintiff explicitly states that he is "challeng[ing] the arrest, prosecution and conviction." Amended Complaint at PageID #31. He alleges he was indicted on

---

[2] A plaintiff may amend his pleadings once as a matter of course. *See* Fed. R. Civ. P. 15(a). Having done so in this case, Plaintiff may not amend his complaint again without leave of Court.

August 13, 2010, in this Division "on a one count indictment of conspiracy to posses[s] with intent to distribute cocaine." *Id*. He asserts he brings this *Bivens* action against Special Agent Richard Martinez and Assistant United States Attorney Earnest Gonzalez, who "conspired together under the color of federal authority to violate Plaintiff's Fifth and Sixth Amendment right to due process and fairness of the proceedings and Plaintiff's Eighth Amendment right against cruel and unusual punishment." *Id*. He specifically identifies his lawsuit as a *Bivens* action, as the undersigned analyzed it in the original R&R. As in his original complaint, Plaintiff asserts he was "illegally arrested" on August 25, 2009, and convicted on September 27, 2010. Amended Complaint at PageID #32. He asserts that Defendants Martinez and Gonzalez "fabricated evidence, false evidence, deceit and fraud to the Grand Jury in order to get an indictment and arrest," in violation of his constitutional rights. *Id*. Further, he alleges that these Defendants "deliberat[e]ly concealed or deliberat[e]ly failed to disclose exculpatory evidence to the Grand Jury and the Jury that heard the case, while maliciously tendering false information in initializing and maintaining a prosecution." *Id*. at PageID #32-33. All of these allegations are with regard to his criminal case, *United States v. Figueroa*, 4:09cr136 (E.D. Tex. Sept. 27, 2010), in which he was one of multiple defendants.

Turning to Defendants Jones and Thompson, Plaintiff alleges Defendant Thompson is an employee of this Court in this Division and:

> engaged in conduct to violate my constitutional right pursuant to the equal protection and due process clause. Ms. Thompson has refused to provide proper documents and has not adhered to the requirements of the Privacy Act. Ms. Thompson has continuously misled my family and at times strai[gh]t out gave them false information.

Amended Complaint at PageID #34. That is the complete allegation with regard to Defendant Thompson. As to Defendant Jones, Plaintiff alleges she is the "deputy in charge of clerks in the

Plano Court [and] supervised the unconstitutional conduct engaged in by Faye Thomas[3]. . . ." *Id*. at PageID #33. He goes on to allege that Defendant Jones,

> as being the person in charge of the documents requested by Plaintiff and would have to be the one who authorized my request in order that I may receive them, however, I still have not received any documents even upon the Court's order to do so, thus resulting in deliberate indifference of my constitutional rights under the equal protection and due process clause, furthermore such conduct does not adhere to the Privacy Act requirements that each agency keeping a system of records, must maintain the records with accuracy, relevance, timeliness and completeness as it is reasonably necessary to assure fairness.

*Id*. at PageID #34. Again, that is the entirety of Plaintiff's allegations regarding Defendant Jones. Plaintiff has not identified what documents to which he is referring in either Ms. Jones' or Ms. Thompson's cases.

Thus, Plaintiff has essentially simply restated the same allegations against Defendants Martinez and Gonzalez he advanced in his original complaint. Although he named Defendant Thompson (as "Faye LNU") in his original complaint, he made no allegations against her. The allegations raised against her and Defendant Jones are new in the amended complaint.

In all cases, he seeks "monetary damages as well as relief from conviction along with immediate release from custody." Amended Complaint at PageID #35. In other words, as in his original complaint, Plaintiff is suing federal authorities for an alleged conspiracy that resulted in him being indicted and "illegally convicted."

## II.   DISCUSSION AND ANALYSIS

Although a civil rights lawsuit asserting claims of constitutional violations against government officials is normally brought pursuant to 42 U.S.C. § 1983, in this case Plaintiff's claims are brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, *supra*,

---

[3] Apparently referring to Defendant Faye Thompson.

because Plaintiff is suing federal actors. However, a *Bivens* action and a § 1983 lawsuit represent coextensive proceedings; the "only difference" being that the former involves an action against federal actors and the latter against state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir.) (per curiam), *reh'g and reh'g en banc denied*, 130 Fed. Appx. 705 (5th Cir. 2005) *and cert. denied*, 547 U.S. 1111, 126 S. Ct. 1908, 164 L. Ed. 2d 663 (2006). Analytically, there is no substantive difference between the two for the purposes of this lawsuit. *Grebe v. Quintana*, 2011 WL 665744, at *2 (E.D. Tex. Feb. 14, 2011) ("the analysis of plaintiff's claims is the same regardless of whether they arise under Section 1983 or *Bivens*") (citing *Evans v. Ball*, 168 F.3d 856, 862-63 (5th Cir. 1999), *abrogated on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003)).

Here, Plaintiff is using his civil rights lawsuit to attack Defendants Martinez and Gonzalez for having "conspired" to obtain an "illegal conviction" and Defendants Jones and Thompson for having somehow failed to provide him with unspecified documents he asserts he requested. *See generally* Amended Complaint. In either case, he seeks relief from conviction and release from custody. In other words, his claims attack the fact and legality of Plaintiff's incarceration. In that regard, his new allegations and amended complaint have not changed one iota from his original complaint.

"When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983." *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Barze v. Bennett*, 2009 WL 1649479, at *1 (E.D. La. June 8, 2009). The Supreme Court has also held that

5

a civil rights plaintiff challenging the legality or length of his incarceration does not have a cause of action unless and until he is successful in challenging the fact or length of his incarceration, such as in habeas corpus proceedings. *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "'[W]here the basis of the claim goes to the constitutionality of the state court conviction', habeas corpus is the exclusive cause of action . . . ." *Caldwell*, 679 F.2d at 496 (quoting *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam)).

Since the Plaintiff is attacking both the fact and the legality of his incarceration, he should seek relief via a petition for a writ of habeas corpus, as opposed to a civil rights complaint. The instant lawsuit should therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

With regard to the allegations against Defendants Jones and Thompson, to the extent that they are somehow separate from the allegations against Defendants Martinez and Gonzalez, they are nonetheless unavailing.

Plaintiff alleges that Defendant Thompson failed to provide him with unspecified documents despite "the Court's order to do so," and that Defendant Jones supervised Defendant Thompson. Amended Complaint at PageID #33-34.

First, these allegations are vague and conclusory; they do not state what documents Plaintiff was seeking or any communications he may have had with either Defendant clerk. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual allegations but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (internal quotation omitted). A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "[a] 'formulaic recitation of the elements of a cause of action' or 'facts [that] do not permit the court to infer more than the mere possibility of misconduct' fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Higgenbotham v. Connatser*, 2011 WL 1239872, at *1 (5th Cir. Apr. 5, 2011) (quoting *Iqbal*, 556 U.S. at 678, 679). Here, Plaintiff's allegations are nothing short of formulaic, invoking with great generality "due process" and "equal protection." Inasmuch as he contends he has not received the documents to which he vaguely refers, he might be attempting to allege a form of denial of access to court.

However, "[t]o prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered by the defendants' actions." *See Gardner v. Management & Training Corp*, 2011 WL 3444293, at *4 (E.D. Tex. June 20, 2011) (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 443 (2002); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.), *reh'g and reh'g en banc denied*, 117 F.3d 1419 (5th Cir.), *and cert. denied*, 522 U.S. 995, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997)).

Here, Plaintiff has made no such allegations, nor any showing that a denial of access to court

7

existed as a result of not receiving the unidentified documents. Therefore, his pleading is inadequate.

Additionally, Plaintiff contends that the Court "ordered" that he receive these documents. If true, Defendants Jones and Thompson would be entitled to absolute immunity from actions "for damages arising from acts they are specifically required to do under court order or at the judge's discretion. . . ." *Lewis v. City of Waxahachie*, 465 Fed. Appx. 383, 285 (5th Cir. 2012) (per curiam). To the extent that the record may not support such a finding, or a finding of qualified immunity in the alternative, Plaintiff's allegations are still infirm. Again, his formulaic claims do not allege any harm whatsoever from the lack of the documents. Specifically, as stated above, he has not asserted that the clerks' actions denied him access to the courts or any other hardship of constitutional magnitude. *See id*. (citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981)). His allegations regarding the "Privacy Act" are similarly conclusory and allege no injury.

Plaintiff's claim against Defendant Jones is unfounded for an additional reason. He asserts only that she acted in her supervisory capacity as chief deputy clerk. In other words, he alleges his claims against her on a theory of *respondeat superior*. However, "[t]here is no doctrine of *respondeat superior* in *Bivens* actions." *Toledo v. Bureau of Prisons*, 238 Fed. Appx. 10, 11 (5th Cir. 2007) (per curiam) (citing *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998)). "Thus, in order to be held liable, supervisory federal officials, such as those named in this suit, must be either be involved personally in the alleged deprivation, or must have implemented a policy 'so deficient that the policy itself acts as a deprivation of constitutional rights.'" *Id*. (quoting *Cronn*, 150 F.3d at 544). Plaintiff has made no such allegations. Therefore, his claim of supervisory liability against Defendant Jones fails for this additional reason.

**III.   RECOMMENDATION**

This is Plaintiff's second attempt at pleading his claims. They are equally flawed as his original complaint, including the additional allegations against the two clerks. It is therefore recommended that the Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 2nd day of August, 2012.**

                                            DON D. BUSH
                                            UNITED STATES MAGISTRATE JUDGE